

**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**FILED**
6/2/2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| WANDA E. TORRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| THE HONORABLE JACK B. | ) |
| SCHMETTERER, aka JACK B. SCHMETTERER | ) |
| Individually and in his official | ) |
| capacity as a Federal Bankruptcy Judge of the | ) |
| Northern District of Illinois; | ) |
| THE U.S. BANKRUPTCY COURT for the | ) |
| Northern District of Illinois, Eastern Division, | ) |
| SANCHEZ DANIELS & HOFFMAN, LLP., | ) |
| Individually and in their official capacity, | ) |
| HUGH C. O'DONNELL, | ) |
| Individually and in his official capacity, | ) |
| | ) |
| Defendants. | ) |

17CV3120
JUDGE ST. EVE
MAG. JUDGE COLE

CASE NO.: _____

**RECEIVED**

**APR 26 2017**

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY DEMAND

Plaintiff, WANDA E. TORRENCE, representing herself *pro se,* brings forth the following Complaint against Defendants the HONORABLE JACK B. SCHMETTERER, aka JACK B. SCHMETTERER, (hereinafter referred to as "Judge Schmetterer"), THE BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, SANCHEZ DANIELS & HOFFMAN, LLP., HUGH C. O'DONNELL, (together, "Defendants"):

### I. INTRODUCTION

1.      Plaintiff WANDA E. TORRENCE brings forth this action against the above-named Defendants, who, as an American with disabilities that suffers from a hearing loss, was discriminated against by Defendants based on her disability; and the deprivation of federal, state, Constitutional and Civil rights, 42 U.S.C. §1983. Defendants failed and refused to accommodate Plaintiff's hearing loss

during two hearings and a trial, deprived her of full and equal access to the court, deprived her of her First, Fifth, Seventh, and Fourteenth Amendment rights to the U. S. Constitution; and to rights guaranteed under the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("Section 504"), and the Architectural Barriers Act of 1968 ("ABA") when they failed to follow the laws, rules and statutes in place in an effort to defraud Plaintiff out of her right to obtain justice and to be heard. The manner in which Plaintiff faced discrimination and deprivation of her rights, rises to the level of civil and criminal misconduct by Defendants.

2.      Plaintiff seek compensation for pain and suffering, emotional distress and mental anguish, in addition to damages for her rights and privileges being stripped away from her. Plaintiff seek punitive damages and sanctions against Defendants for knowingly committing the numerous violations; and to punish the individual Defendants to deter future misconduct and to demonstrate that such willful, wanton, and abuse of power position is intolerable.

## II.   JURISDICTION AND VENUE

3.      This cases arises under the United States Constitution and 42 U.S.C. §§1983, 1988. This Court has jurisdiction over Plaintiff's Federal Claims pursuant to 28 U.S.C.  §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff's State Claims pursuant to 28 U.S.C. §1367.

4.      Jurisdiction is also founded pursuant to the Americans with Disabilities Act of 1990, Section 504 of the Rehabilitation Act of 1973, the Architectural Barriers Act of 1968, and the Civil Rights Act of 1964.

## III.   THE PARTIES

5.      Plaintiff, WANDA E. TORRENCE is a resident of the City of Chicago and at all material times herein, was a citizen of the United States and a resident of the state of Illinois. She is an

American with disabilities that suffers from a hearing loss, Type II Diabetes, Osteoarthritis of the knees, and Carpal Tunnel Syndrome of the right hand. Her disabilities effect major life functions which affects her hearing, walking, and living life due to her Diabetes diagnosis.

6.      Defendant HONORABLE JACK B. SCHMETTERER, aka JACK B. SCHMETTERER ("Judge Schmetterer"), is an individual, who at all relevant times, was a resident of Northbrook, Illinois. As an appointed Federal Bankruptcy Judge, Judge Schmetterer was, at all relevant times, a Federal Employee and Officer of the Court delegated with the authority and responsibility for conducting hearings, trials and other bankruptcy matters and those that issues that arose from it.

7.      Defendant, U. S. BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, is a Federal Court situated and established in Cook County, Illinois that handles, hears, adjudicates, and commences bankruptcy cases, proceedings, and those matters related to it.

8.      Defendant SANCHEZ DANIELS & HOFFMAN, LLP. is an employer within the meaning of 42 U.S.C. 12111(5), and a covered entity within the meaning of 42 U.S.C. 12111(2). At all material times referred to herein, they were a Company doing business and operating as a Law Firm in the State of Illinois.

9.      Defendant HUGH C. O'DONNELL is, and at all material times referred to herein, was an employee of Defendant Sanchez Daniels & Hoffman, operating as an attorney.

10.      All of the foregoing Defendants are sued in their individual capacities, and all acted under color of law and in the scope of their employment in the actions alleged in this Complaint. At the times of the discriminatory and other wrongful conduct alleged herein, the individual Defendants acted for themselves and as agents on behalf of their respective states, Illinois and Delaware.

## IV. FACTUAL BACKGROUND

11.     As a hearing-impaired party to a judicial proceeding, Plaintiff had rights, protections and privileges guaranteed to her under the U. S. Constitution and state and federal law when she walked inside Judge Schmetterer's courtroom. While there, Defendants trampled on and ignored those rights by depriving Plaintiff of her: (a) First Amendment right to redress via a grievance; (b) Fifth Amendment right to Substantive and Procedural Due Process, (c) Seventh Amendment right to a trial by jury, (c) Fourteenth Amendment right to Due Process, Equal Protection, and the right to be heard; as well as rights guaranteed under the ADA, Section 504, and the ABA.

12.     Plaintiff reported and filed Complaints about the deprivation, discrimination, misconduct, unlawful actions, and Civil and Constitutional right violations with the United States Department of Justice and received responses, providing her with a listing of attorneys to contact to assist her in filing suit. Unable to afford attorney fees on a fixed income, Plaintiff again, has to stand alone, presenting a case she can easily prove.

13.     On June 9, 2015, pursuant to Plaintiff's Case No. 15 AP 291, Defendant, Hugh C. O'Donnell improperly and unlawfully argued that her case should be dismissed based on a previous case (15 AP 76), which makes it relevant in this Complaint, since it is "involved."

14.     In May, 2015, and continuing thereafter, Defendants engaged in discrimination against Plaintiff based on her disability and pro se status.

15.     In May, 2015 and continuing thereafter, Defendants engaged in Civil and Constitutional right violations against Plaintiff in which she was deprived of her right to an auxiliary aid, to have adjudicated, a grievance, to substantial and procedural Due Process, to a trial by jury, to Equal Protection of the laws, and the right to be heard.

(4)

16.     Plaintiff was deprived of full and equal access to the Courts in which her hearing loss was not accommodated during two hearings (March 20, 2015 and June 9, 2015) and a trial (April 10, 2015). She was rendered unable to effectively defend herself and her claims, raise objections, ask questions, testify on her own behalf, cross-examine a witness, make appropriate statements, effectively communicate, and hear and participate as to what was being said and decided in the courtroom.

17.     Judge Schmetterer violated Plaintiff's rights when he dismissed her case without being asked to do so and while all violations were still happening. Her case (15 AP 291) was never discussed or mentioned in Court. It was simply dismissed as if it had never been filed and presented.

18.     Defendants failed to follow federal law, and at their urging, an evidentiary hearing was skipped over, discovery was not conducted, trial was not scheduled or held.  Nothing happened as the result of Plaintiff going into Court on claims and violations that were "in progress."

19.     By failing to accommodate Plaintiff's hearing loss, Judge Schmetterer directly and proximately harmed her as alleged herein, entitling her to recover damages for said violations.

20.     Defendants, acting in the scope of their employment as attorneys under color of law, and individually as persons fully aware of the laws and how the legal system works concerning the ADA, Section 504, and Constitutional and Civil rights law, knew or should have known that their arguments, comments, and statements to the Court, were improper, unlawful, not founded by law, and could harm Plaintiff, and they did in fact, harm and cause her severe emotional distress, mental anguish, pain and suffering and a sense of loss and unworthiness, and that neither she nor her presence in court, without an attorney, mattered.

(5)

21.     Judge Schmetterer wrote Orders of dismissal on a situation that was occurring right in front of him, indicating intentional, willful, wanton, and malicious conduct by all Defendants since it was the Defendants that initiated the violations, that urged him on, and collaborated with him in executing the dismissals as demonstrated in court transcripts.

22.     Defendant's intentionally, unlawfully, and improperly argued the doctrine of res judicata on claims "they knew" were never heard on the merits pursuant to Orders of April 24, 2015, June 26, 2015 and July 23, 2015, and Judge Schmetterer unlawfully and improperly accepted the argument.

23.     Defendants stopped the normal flow of the judicial process and stood in the way of Plaintiff obtaining justice, using her hearing loss against her and the fact that she stood unrepresented. Their actions deprived her of her rights and privileges or immunities guaranteed to her.

24.     This is a case about the deprivation of Plaintiff's rights as a hearing impaired litigant inside a judicial setting, while attempting to exercise her Constitutional right to seek redress concerning a grievance.

25.     Defendants conspired to get rid of Plaintiff's claims that were proven 100%, to wit: (a) a bankruptcy discharge injunction, (b) a Fair Debt Collection Practices Act claim; (c) a Fair Credit Billing Act claim; (d) a Fraud-via Over-billing claim; (e) a Breach of Contract claim, and (f) an Intentional Infliction of Emotional Distress claim.

## V.  DISCOVERY OF HARM

26.     The specific claims and violations alleged in this Case has never been adjudicated, ruled on, decided on the merits, or presented to this Court; and Defendants are first-time Defendants facing first-time claims, among first-time parties.

27.     On our about August-September, 2015, Plaintiff read court transcripts for the first time, and learned for the first time, to what extent Defendants broke the law, discriminated against her, and

(6)

deprived her of basically every right she held as a disabled, pro se litigant. She knew it was bad, but didn't realize to what extent until after reading what transpired inside Court.

28.     The date of injury in this matter is June 9, 2015 and the date Plaintiff was made aware of it (fully) "after" a previous case had concluded, indicate this matter is unique and new since Plaintiff hadn't learned about it yet. There are no other cases about Plaintiff's Complaint since she never had the knowledge to bring it up prior to now. What's contained in court transcripts, Plaintiff could not argue during a previous case, because she didn't hear it at the time it was said.

## VI.  RESPONDEAT SUPERIOR

### As to Defendant Sanchez Daniels & Hoffman, LLP

29.     Defendant Hugh C. O'Donnell, was at all times relevant to this action, an employee and agent, assigned to a certain project that involved Plaintiff. The above-named defendants was acting within the scope of his employment when he engaged in the actions described in this Complaint. Therefore, all of his individual acts, statements, actions, comments, and arguments, directly involves and are chargeable to, pursuant to the doctrine of Respondeat Superior.

## COUNT I
### (VIOLATION OF CONSTITUTIONAL RIGHT TO SUBSTANTIVE DUE PROCESS) 42 U.S.C. §1983

30.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1- 29 of the Complaint as if more fully set forth herein.

31.     By their actions as described herein, the Defendants, under color of statute, ordinance, regulation, custom, or usage, subjected Plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution and laws. In particular, Plaintiff has a liberty and personal interest in

(7)

protection from oppression, suppression, and infliction of pain and the right to present to the Government, a grievance seeking redress, and to have it heard and decided as a grievance.

32.     The conduct, misconduct, and practices described herein, including but not limited to the deprivation of right to a trial by jury; to testify on her own behalf; to cross-examine a witness; to effectively participate in the proceedings; to seek and obtain justice without interference, harassment, manipulation, or intimidation; to equal protection and the right to be heard.

33.     As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, pain and suffering, severe mental anguish, emotional suffering, humiliation, shame, embarrassment, worry, fear, shock, nervousness, and anxiety in an amount to be ascertained at trial.

34.     The actions of Defendants were intentional, malicious, deceptive, deliberate and carried out with the knowledge of, or in conscious disregard of the harm that would be inflicted upon Plaintiff. As a result of Defendant's intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish them and to deter others from like conduct.

35.     Defendants knew or should have known, about the laws, statutes, rules and previous cases with respect to conduct inside the courtroom pursuant to the Model Rules of Professional Conduct and their experience and expertise as attorneys and persons familiar with the law.

36.     In all of this, Defendants, and each of them, have, acting under color of law, deprived Plaintiff of rights, privileges, or immunities secured to her by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands compensatory damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00) and punitive damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants named in this Count and Complaint and whatever additional relief this Court and a jury of Plaintiff's peers deems just and equitable.

(8)

**COUNT II**
**(VIOLATION OF CONSTITUTIONAL RIGHT**
**TO PROCEDURAL DUE PROCESS)**
**42 U.S.C. §1983**

37.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1- 36 of the Complaint as if more fully set forth herein.

38.    Plaintiff followed proper procedure in filing a case that was assigned to Judge Schmetterer. Pursuant to the Federal Rules of Civil Procedure, he did not follow laws he swore to uphold and enforce.  What was supposed to happen, did not happen. Nothing that was supposed to work for Plaintiff, worked for her simply because it was not attempted.

39.    The laws Plaintiff cited worked for others but not her. The cases cited by Plaintiff worked for others, but not for her. The "process" that was to occur, did not occur. Absolutely nothing the Defendants were bound by law to do, they did not do.

40.    Laws didn't work. Statutes didn't work. Rules didn't work. Similar cases didn't work. Exhibits proving every element of Plaintiff's case didn't work. Evidence supporting Plaintiff's allegations didn't work. The party that was able to prove their case, was ignored and the party that was at fault, prevailed.

41.    Based on Defendant's demonstrated intent to discriminate against Plaintiff based on the many rights and privileges she was deprived of, she was denied of procedural due process under 42 U.S.C. Section 1983.

WHEREFORE, Plaintiff demands compensatory damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00) and punitive damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants named in this Count and Complaint and whatever additional relief this Court and a jury of Plaintiff's peers deems just and equitable.

(9)

## COUNT III
## (VIOLATION OF CONSTITUTIONAL RIGHT TO EQUAL PROTECTION)
### 42 U.S.C. §1983

42.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1- 41 of the Complaint as if more fully set forth herein.

43.     The actions of Defendants, as described above, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that such actions are not attempted, inflicted, or perpetrated against litigants represented by counsel and those that have no physical impairments.

44.     In all of this, Defendants, and each of them, have, acting under the color of law, deprived Plaintiff of rights, privileges, or immunities secured to her by the Constitution and laws of the United States, in violation of 42 U.S.C. §1983.

45.     The practices described above, including but not limited to, deciding a case in favor of a Defendant that admitted to guilt; discussed and effectively communicated more with the party that did not have a hearing loss than with Plaintiff; accepted the argument of the guilty party over the argument of the aggrieved party; allowed the opposing party (the attorney) to lead and decide important issues over a pro se litigant; allowing everything the opposing party did or said regardless of lawfulness, accuracy, and truth; and dismissed everything Plaintiff "proved" beyond a reasonable doubt.

46.     As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, pain and suffering, severe mental anguish, emotional suffering, humiliation, shame, embarrassment, worry, fear, shock, nervousness, and anxiety in an amount to be ascertained at trial.

47.     The actions of Defendants were planned, intentional, malicious, deceptive, deliberate, intentional, and carried out with the knowledge of, or in conscious disregard of the harm that would be inflicted upon Plaintiff. As a result of said intentional conduct, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendants and deter others from like conduct.

(10)

48.     Defendants knew or should have known, about the laws, statutes, rules and previous cases with respect to conduct inside the courtroom pursuant to the Model Rules of Professional Conduct.

49.     In all of this, Defendants, and each of them, have, have, acting under color of law, deprived Plaintiff of rights, privileges, or immunities secured to her by the Constitution and laws of the United States in violation of 42 U.S.C. §1983.

WHEREFORE, Plaintiff demands compensatory damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00) and punitive damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants named in this Count and Complaint and whatever additional relief this Court and a jury of Plaintiff's peers deems just and equitable.

## COUNT IV
### (VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973)
### 29 U.S.C. §§ 794 et seq.

50.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1- 49 of the Complaint as if more fully set forth herein.

51.     Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794, prohibits discrimination against persons with disabilities. It prohibits the exclusion from the participation in, or being denied the benefits of, or being subjected to discrimination under any program or activity receiving Federal financial assistance.

52.     The law authorizes Plaintiff to receive compensatory and punitive damages once proven that a federal employer intentionally discriminated against her.

53.     The practices described above, including but not limited to depriving and denying Plaintiff full and equal access to the court when Judge Schmetterer failed to follow the law and accommodate her

hearing loss during two full hearings and a full trial; and by failing to provide an auxiliary aid to Plaintiff after she requesting one on three separate occasions; and after observing she was struggling to hear the proceedings.

54.     Defendants, and each of them, have violated Plaintiff's rights under Section 504 and the regulations promulgated thereunder by denying Plaintiff the benefit of receiving full and equal access to the court and judicial system, and programs offered by the Constitution, the U. S. Government, and State and Federal law.

55.     As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, pain and suffering, severe mental anguish, emotional suffering, humiliation, shame, embarrassment, worry, fear, shock, nervousness, and anxiety in an amount to be ascertained at trial.

WHEREFORE, Plaintiff demands compensatory damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00) and punitive damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants named in this Count and Complaint and whatever additional relief this Court and a jury of Plaintiff's peers deems just and equitable.

## COUNT V
### (VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990)
### 42 U.S.C. §§12101 et seq.

56.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1- 55 of the Complaint as if more fully set forth herein.

57.     Title II of the ADA, 42 U.S.C. §12131 et. seq. and the regulations promulgated thereunder, governing state and local governmental entities, protects persons from discrimination on the basis of disability by public entities. The ADA prohibits the exclusion from participation in, or being denied the benefits of the services, programs, or activities of the public entity, or being subjected to discrimination by such entity.

(12)

58.     The practices described above, including, but not limited to Defendant's indifference to Plaintiff's rights as a hearing-impaired litigant, and the rights and privileges attached to it.

59.     Although apparent that Plaintiff struggled to hear and effectively participate in the proceedings, her hearing loss was not accommodated, prohibiting her form raising objections, asking questions, making statements, raising arguments, and protecting herself and her case.

60.     Defendants, and each of them, have violated Plaintiff's rights under the ADA and the regulations promulgated thereunder by denying Plaintiff the benefit and service of the programs and activities to which she is otherwise entitled to from the Federal Court, the U.S. Constitution, and Federal law.

61.     As a direct and proximate result of the actions described herein, Plaintiff sustained actual damages, pain and suffering, severe mental anguish, emotional suffering, humiliation, shame, embarrassment, worry, fear, shock, unworthiness, nervousness, and anxiety in an amount to be ascertained at trial.

WHEREFORE, Plaintiff demands compensatory damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00) and punitive damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants named in this Count and Complaint and whatever additional relief this Court and a jury of Plaintiff's peers deems just and equitable.

## COUNT VI
### (FRAUD UPON THE COURT)

62.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-61 of the Complaint as if more fully set forth herein.

63.     It's not within the scope of Defendant's official and judicial duties, as attorneys, to take on a case and continue to defend it while all violations are still occurring. No where does the Rules of Professional Conduct indicate they are to defend an issue such as this. In fact, it says just the opposite.

(13)

64. The Defendants, individually and/or jointly and in conspiracy, initiated, engaged in and represented fraudulent rulings, decisions, arguments, statements, and conduct against Plaintiff.

65. The Defendants engaged in fraudulent conduct by aiding Judge Schmetterer in committing fraudulent acts and making fraudulent rulings, resulting in fraudulent conduct, based on their fraudulent arguments.

66. The Defendants committed fraud upon the court when they failed to support and uphold the judicial machinery of the Court, ruling in direct opposite of laws Plaintiff cited in her pleadings, and laws they took an oath to uphold, enforce and protect.

67. The Defendants reduced the effectiveness and integrity of the Court's reputation of being fair and just, prohibiting the it from functioning as the laws proscribe.

68. Defendants exhibited gross ignorance of the rules, laws, and statutes, opting to play a revised legal game with their own created rules, representing fraud upon the Court. This makes ineffective and invalidates every decision made by Judge Schmetterer.

69. Defendant, Hugh C. O'Donnell, took drastic steps and measures to emerge as the victor against a pro se, disabled litigant, in a case he actually lost, but won due to the fraud.

70. Courts have held that if a Plaintiff and other private parties and/or co-conspirators of a judge are to be subject to §1983 damages actions, the charge of conspiracy and judicial corruption will be presented and decided by a jury.

71. Defendants must answer to, testify, and defend their judicial conduct and misconduct.

72. The laws does not require that Defendants be an officer of the state. But rather, that they are a willful participant in joint activity with the state or its agents.

73. The method in how Defendants acted inside the courtroom, constitute criminal as well as civil violations. They did everything wrong, taking full advantage of Plaintiff as a pro se litigant,

unable to effectively participate in the proceedings. They knew their actions were wrong, as demonstrated in court transcripts, but carried on anyway for financial gain. Substantial damages are warranted to perhaps deter them from ever conducting themselves in that manner again.

### Defendants Sanchez Daniels & Hoffman and Hugh C. O'Donnell's Misconduct Include Violations of Rules 3.1, 3.3, 3.4, 4.1, 4.3, 4.4 and 8.4 of the Model Rules of Professional Conduct

74.     Defendants, in defending against a case that had been proven by a preponderance of the evidence, violated Rule 3.1 of Model Rules of Professional Conduct: Meritorious Claims and Contentions.

75.     Defendants, in knowingly and intentionally arguing and making statements not supported by law, violated Rule 3.4 of the Model Rules of Professional Conduct: Fairness to Opposing Party and Counsel

76.     In improperly and unlawfully arguing the doctrine of res judicata on claims never adjudicated on the merits; and in arguing that Plaintiff case should be dismissed based on a prior case that was not heard on the merits, Defendants violated Rule 3.3 of the Model Rules of Professional Conduct: Candor Toward the Tribunal.

77.     Defendants, defending a case in spite of the evidence presented, violated Rules 4.1, 4.3 and 4.4 of the Model Rules of Professional Conduct

78.     Pursuant to Model Rule of Professional Conduct 8.4, Defendants engaged in misconduct in acting alongside Judge Schmetterer in violating Plaintiff's Constitutional rights and those guaranteed under the ADA, Section 504, and the Architectural Barriers Act of 1968.

WHEREFORE, Plaintiff demands compensatory damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00) and punitive damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants named in this Count and Complaint and whatever additional relief this Court and a jury of Plaintiff's peers deems just and equitable.

(15)

## COUNT VII
### (CONSPIRACY)

79.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1-78 of the Complaint as if more fully set forth herein.

80.     Defendants stepped in and helped Judge Schmetterer carry out the violations and discrimination against Plaintiff. It's not a valid business action to help a person/client if the problem is still in progress. That's not good business, it's aiding and abetting and getting paid while doing so.

81.     Judge Schmetterer and the Defendants cheated. Defendant, Hugh C. O'Donnell was allowed to approach the bench on several occasions (without Plaintiff), when there was nothing the attorney could have been handing him pertaining to the case that wasn't already filed or was supposed to be already filed. Whatever Defendants handed to the Judge, Plaintiff did not receive it, nor did she see exactly what it was.

82.     Defendants conspired among and between themselves to discriminate against Plaintiff, in depriving her of the right to present evidence, to be heard, to effectively participate, and to access to the judicial system just like others that doesn't suffer with a disability.

83.     In furtherance of this conspiracy or conspiracies, Defendants committed the acts set forth above, including but not limited to, depriving Plaintiff of the very laws they took an oath to uphold.

84.     Based on Defendant's arguments, comments and statement of June 9, 2015, the conspiracy, or conspiracies alleged herein continued from at least March, 2015 and beyond. Efforts to conceal the conspiracy are ongoing and continues today.

85.     Where else in this Country can a litigant go into Court armed with evidence backing her entire case, the violations contained in their Complaint are *still happening*, and everything is dismissed without any action taken to stop or resolve anything?

(16)

86.    This conspiracy proximately caused the injuries to Plaintiff as set forth in this Complaint.

WHEREFORE, Plaintiff demands compensatory damages in an amount in excess of Fifty Thousand dollars ($50,000.00) and punitive damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants named in this Count and whatever additional relief this Court deems just and equitable.

## COUNT VIII
## (INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS)

87.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1-86 of the Complaint as if more fully set forth herein.

88.    Defendants intentionally engaged in extreme and outrageous behavior against Plaintiff, including but not limited to, employing unlawful tactics in coming to a decision that was not consistent with State, Federal and Constitutional law.

89.    Defendants, being in possession of documents showing Plaintiff met her burden in proving her case by a preponderance of the evidence, all while knowing she is hearing impaired and vulnerabilities exacerbated by not only being unable to hear and effectively participate, stripped Plaintiff of her rights inside the courtroom and only compounded her inability to fight back.

90.    Defendants are liable for Plaintiff's intentional infliction of emotional distress because it was proximately caused by their actions as set forth herein.

91.    The Defendants' outrageous, unlawful, intentional, willful and wanton behavior caused Plaintiff to suffer severe emotional distress including anxiety, fear, anger, depression, humiliation, and severe mental and emotional anguish. Court transcripts to be presented, show and prove discrimination.

(17)

WHEREFORE, Plaintiff demands compensatory damages in an amount in excess of Fifty Thousand dollars ($75,000.00) and punitive damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants named in this Count and whatever additional relief this Court deems just and equitable.

## COUNT IX
### (PERSONAL LIABILITY OF JUDGE SCHMETTERER)
### NO IMMUNITY FOR CRIMINAL ACTS
### 18 U.S.C. §242

92.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1- 91 of the Complaint as if more fully set forth herein.

93.     Judge Schmetterer's conduct and misconduct constitute and represent civil "and" criminal acts.

94.     Specifically, Judge Schmetterer broke the law and is therefore liable for _criminal_ acts under Color of Law, 42 U.S.C. §1983; 18 U.S.C. §242.

95.     Judge Schmetterer is not immune from claims, charges and prosecution for his criminal behavior, which was aided and abetted by Defendants, also operating under color of law.

96.     Judge Schmetterer intentionally, willfully, unlawfully, improperly, and deceptively committed crimes against Plaintiff to wit:

     (a)     ignored evidence

     (b)     twisted rules and procedures and misapplied the laws

     (c)     obstructed justice

     (d)     retaliated against Plaintiff by wearing headphones on July 23, 2015 and dismissing her case that had been proven 100%

     (e)     ignored Plaintiff and everything she said, did, filed, and presented

(f)    dismissed valid claims that were in effect at the time of the dismissal

(g)    denied the admission of evidence, which was prejudicial to Plaintiff

(h)    mischaracterized pleadings that were well-pled and sufficient

(i)    engaged in ex parte communication when allowing Defendant Hugh C. O'Donnell to approach the bench several times without directing Plaintiff to the bench as well

97.    Pursuant to the Code of Judicial Conduct and Rules of Professional Conduct, Judge Schmetterer failed miserably in his actions pertaining to his judicial duties to wit:

(a)    upholding and enforcing the laws

(b)    making unbiased decisions in every case according to ethical rules

(c)    complying with federal and state laws

(d)    upholding the law impartially

(e)    performing judicial duties without bias, prejudice or harassment

(f)    upholding the integrity of the judiciary

(g)    disposing of matters fairly and efficiently, and

(h)    not engaging in conduct that is prejudicial to the administration of justice.

**Judge Schmetterer Retaliated Against Plaintiff By Mocking Her Hearing Loss In Open Court**

98.    On July 23, 2015, the last day of Court, Judge Schmetterer, who does not suffer from a hearing loss, exhibited bias, indifference and prejudice towards Plaintiff when he appeared on the bench wearing headphones.

99.    Plaintiff appeared before Judge Schmetterer a total of five times, and it is only during the final Court appearance that he wore the auxiliary device in an attempt to mock her disability in retaliation for stating that his rulings were not fair and calling out cases he cited, informing him that they were not similar.

100.     Wearing headphones on the bench was not a part of Judge Schmetterer's Judicial duties and function, and he was not acting in the capacity of his official duties by wearing them since he did not need them. It was a personal attack outside the realm of his duties and role as a Judge that did not entail issuing rulings, deciding matters, reading pleadings, hearing arguments and carrying out his official duties, rendering him without immunity.

101.     At the March 20, 2015 hearing, Judge Schmetterer did not wear headphones.

102.     At trial on April 10, 2015, Judge Schmetterer did not wear headphones.

103.     At the June 1, 2015 hearing, Judge Schmetterer did not wear headphones.

104.     At the June 9, 2015 hearing, Judge Schmetterer did not wear headphones.

105.     On July 2, 2015, Plaintiff filed a Motion for Reconsideration, pointing out the errors in Judge Schmetterer's Order of June 26, 2015 dismissing her Complaint. She also expressed concerns that he appeared to favor the Defendants, in which prejudice and bias was exhibited.

106.     On July 13, 2015, as a matter of right and as allowed, Plaintiff filed her Second Amended Complaint, and in some instances, she alleged Judge Schmetterer was not being fair based on the evidence.

107.     On July 23, 2015.at the very next (and last) court hearing, Judge Schmetterer appeared on the bench wearing headphones that were not turned on or turned up because he took them off and handed them to Plaintiff after the ones she was given, did not work. It was Plaintiff that turned Judge Schmetterer's headphones on and up.

108.     Judge Schmetterer was not acting within the scope of his duties when he openly mocked Plaintiff's hearing loss, as it was a personal matter, not one of employment and judicial function, in addition to it being a due process violation against Plaintiff.

(20)

109    Judge Schmetterer is not entitled to judicial immunity for his willful, malicious, and intentional conduct and is, therefore, personally liable to Plaintiff for damages caused by the same because he took it upon himself to openly humiliate and embarrass a litigant standing before him, that did not entail issuing a ruling, a verdict, reading pleadings and motions, conducting trial, or issuing fair justice.

110.    As a direct and proximate result of Judge Schmetterer's willful, malicious and intentional violations of Plaintiff's Constitutional rights, she has suffered severe and substantial damages including but not limited to emotional distress, mental and emotional anguish, distress, inconvenience, embarrassment, and an extended period of pain and suffering, and other damages in an amount to be determined by a jury and the Court.

111.    Plaintiff will request leave to file a Criminal Complaint against Defendants if this Court requires it in addition to her Civil Complaint.

WHEREFORE, Plaintiff demands compensatory damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00) and punitive damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants named in this Count and Complaint and whatever additional relief this Court and a jury of Plaintiff's peers deems just and equitable.

## COUNT X
### (VIOLATION OF THE ARCHITECTURAL BARRIERS ACT OF 1968)

112.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1-111 of the Complaint as if more fully set forth herein.

113.    Pursuant to the Architectural Barriers Act of 1968, Judge Schmetterer was to ensure that his courtroom was accessible and that there were no barriers prohibiting Plaintiff from hearing the proceedings. The barrier turned out to be Judge Schmetterer.

114.    On April 10, 2015, an employee was summoned to provide Plaintiff with a hearing device, however, the several pairs he appeared with did not work. The Defendants proceeded with court, knowing the headphones did not work, and failed to take action to find a pair that did work.

115.    No serious effort or consistent effort was taken to ensure that Plaintiff could effectively hear inside the courtroom.

116.    Judge Schmetterer failed to ensure that technology designed to assist Plaintiff in hearing the Proceedings was working and made available to her.

WHEREFORE, Plaintiff demands compensatory damages in an amount in excess of Seventy-Five Thousand dollars ($75,000.00) and punitive damages in an amount sufficient to deter similar misconduct, jointly and severally from the Defendants named in this Count and Complaint and whatever additional relief this Court and a jury of Plaintiff's peers deems just and equitable.

**JURY DEMAND**

Now Comes the Plaintiff, Wanda E. Torrence, pro se, and demands a trial by jury.

**DATED:** _April 24, 2017_          _____
                                        Wanda E. Torrence, Plaintiff


Respectfully submitted:

_____
Wanda E. Torrence, Plaintiff

**WANDA TORRENCE, pro se**
**PLAINTIFF**
**7746 S. JEFFERY BLVD.**
**CHICAGO, IL**
**(312) 661-6300**

(22)
