# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

WANDA TORRENCE,      )
                              )
          Plaintiff,      )
                              )     Case No. 17 C 3120
        v.                 )
                              )
                              )
U.S. BANKRUPTCY COURT FOR THE   )
NORTHERN DISTRICT OF ILLINOIS,    )
EASTERN DIVISION, et al.,        )
                              )
          Defendants.   )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On June 8, 2017, pro se Plaintiff Wanda Torrence filed the present Amended Complaint. She brings claims against the United States Bankruptcy Court, Comcast Corporation, Inc. ("Comcast"), the law firm of Sanchez, Daniels & Hoffman, the law firm of Ballard Spahr LLP, and individual attorneys who were involved in her Chapter 7 bankruptcy petition (14-34470) that was discharged on January 6, 2015 and her adversarial proceedings (15-ap-76, 15-ap-291) closed on June 10, 2015 and July 27, 2015, respectively.[1]  Plaintiff appealed her adversary proceedings and United States District Judge Robert Gettlemen affirmed the Bankruptcy Court's decision on June 9, 2016.  On October 28, 2016, the United States Court of Appeals for the Seventh Circuit affirmed.  On February 21, 2017, the United States Supreme Court denied pro se Plaintiff's petition for a writ of certiorari.

---

[1]  On June 13, 2017, the Court dismissed Defendant United States Bankruptcy Judge Jack Schmetterer from this lawsuit based on absolute judicial immunity.  [20].  Accordingly, the Court dismisses Count IX of Plaintiff's Amended Complaint brought solely against Judge Schmetterer.

Pro se Plaintiff then brought this lawsuit alleging violations of her constitutional rights, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, 42 U.S.C. § 1981, *et seq.*, the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.*, and Architectural Barriers Act of 1968, 42 U.S.C. §§ 4151-56, along with state law claims sounding in tort. *See* 28 U.S.C. §§ 1331, 1367(a). Before the Court are Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6). For the following reasons, the Court grants Defendants' motions to dismiss in their entirety with prejudice. Because the Court grants Defendants' motions to dismiss in their entirety, the Court need not address Defendants' Rule 12(b)(5) motion based on insufficient process. Civil case terminated.

## LEGAL STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014); *see also Hill v. Serv. Emp. Int'l Union,* 850 F.3d 861, 863 (7th Cir. 2017). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to the federal pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). When determining the sufficiency of a complaint under the plausibility standard, courts must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). Ordinarily, district courts will not dismiss a

complaint based on a statute of limitations affirmative defense unless the action is clearly time-barred. *See Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 492 (7th Cir. 2017); *Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017).

## PROCEDURAL BACKGROUND

Plaintiff filed a pro se petition for relief under Chapter 7 of the Bankruptcy Code on September 23, 2014. On November 10, 2014, the Chapter 7 Trustee filed a Report of No Distribution explaining that there were no assets to administer in Plaintiff's case. On January 6, 2015, the Bankruptcy Court entered an order granting a discharge. The Bankruptcy Court closed the bankruptcy case on January 9, 2015, and discharged the Chapter 7 Trustee.

Although Plaintiff's bankruptcy case was no longer pending, pro se Plaintiff filed her first adversary complaint against Comcast (15-ap-76) on February 3, 2015, alleging violations of the automatic stay, the Fair Debt Collection Practices Act ("FDCPA"), and asserting a claim for injunctive relief. On February 25, 2015, Plaintiff filed an amended complaint alleging a violation of the automatic stay, a violation of the FDCPA, an intentional infliction of emotional distress ("IIED") claim, and a violation of the Federal Fair Credit Billing Act ("FCBA"). After conducting an in-court hearing, the Bankruptcy Court gave the parties two weeks to settle the matter. Because no settlement was reached, on April 24, 2015, the bankruptcy court entered a final judgment awarding Plaintiff $36.28 in compensatory damages and $181.40 in punitive damages. The Bankruptcy Court then set a hearing date of June 1, 2015 for proof of payment. Thereafter, Comcast submitted proof that it had credited Plaintiff's account in the amount of $217.68 in satisfaction of the judgment. The Bankruptcy Court dismissed without prejudice Plaintiff's remaining claims against Comcast based on insufficient service and lack of personal

jurisdiction.  Neither party appealed the final order, and the Bankruptcy Court entered a

satisfaction of judgment.

On May 1, 2015, Plaintiff filed her second adversary complaint (15-ap-291) against

Comcast, which was based on the same facts raised in her first adversary proceeding.  She

alleged:  (1) a violation of the FDCPA; (2) a violation of the discharge injunction; (3) a violation

of the FCBA; (4) an IIED claim; (5) a breach of contract claim; (6) a fraud claim; and (7) a

violation of the Fair Credit Reporting Act ("FCRA").  On June 26, 2015, the Bankruptcy Court

issued an opinion dismissing the second count for failure to state a claim and dismissing the

remaining counts for lack of subject matter jurisdiction.  Pro se Plaintiff then filed a motion for

reconsideration and the Bankruptcy Court held a hearing on July 23, 2015.  After Plaintiff

confirmed that she was not asserting any new factual events that happened before the petition

date, the Bankruptcy Court dismissed the allegations for lack of jurisdiction over Plaintiff's post-

petition charges.  Plaintiff appealed.

On June 9, 2016, Judge Gettlemen affirmed the Bankruptcy Court's decision, in which he

explained:

> Plaintiff has difficulty hearing.  Her briefs in the instant appeal repeatedly allege
> that the bankruptcy judge acted inappropriately, mocked her disability, and took
> argument knowing that she could not hear what was being said.  This court has
> reviewed the transcripts of all of the hearings in both adversary actions and they
> do not support plaintiff's allegations.  Although there were some problems with
> the court's sound system, the record reflects that the judge made every effort to
> accommodate plaintiff to ensure that she could and did participate.  The only time
> the judge admonished plaintiff was when she continually interrupted the court's
> oral ruling.  At that time the judge directed plaintiff to sit at the counsel table and
> listen.  The judge issued a similar admonishment to defendant's counsel, but
> because counsel complied he was allowed to remain at the podium.

(15 C 6651, R. 26, 6/9/16, Mem Op. Order, at 5 n.2)

On October 28, 2016, the United States Court of Appeals for the Seventh Circuit affirmed the district court judgment. In discussing her failure to accommodate claim, the appellate court concluded that Plaintiff's "allegations are baseless – our thorough review of the transcripts reveals that the judge treated her impartially and that she was able to hear well enough to participate in the proceedings meaningfully." *Torrence v. Comcast Corp.*, 663 Fed. Appx. 475, 478 (7th Cir. 2016).

## BACKGROUND

Construing her pro se allegations liberally, *see Cesal v. Moats,* 851 F.3d 714, 720 (7th Cir. 2017), Plaintiff alleges that she suffers from a hearing loss and that Defendants discriminated against her based on this disability. (R. 12, Am. Compl. ¶ 1.) She further states that Defendants failed to follow the law in an effort to defraud her out of her right to obtain justice and to be heard in the context of her bankruptcy proceedings. (*Id.*) In addition, Plaintiff alleges that Defendants discriminated against her based on her pro se status. (*Id*. ¶ 19.) She asserts that Defendants did not accommodate her hearing loss during the two bankruptcy hearings on March 20, 2015 and June 9, 2015 and at the trial on April 10, 2015. (*Id.* ¶ 21.) In sum, she alleges that "[a]s a hearing-impaired party to a judicial proceeding, Plaintiff had rights, protections and privileges guaranteed to her under the U.S. Constitution and state and federal law when she walked inside Judge Schmetterer's courtroom." (*Id.* ¶ 16.)

In her Amended Complaint, pro se Plaintiff brings the following claims: (1) a violation of her substantive due process rights under the Fourteenth Amendment (Count I); (2) a violation of her procedural due process rights under the Fourteenth Amendment (Count II); (3) an equal protection claim under the Fourteenth Amendment (Count III); (4) a violation of the Rehabilitation Act (Count IV); (5) a violation of the ADA (Count V); (6) a fraud upon the court

claim (Count VI); (7) a constitutional conspiracy claim (Count VII); (8) an intentional infliction

of emotional distress claim (Count VIII); (9) a claim against Judge Schmetterer (Count IX); (10)

a violation of the ABA (Count X); (11) a gross negligence claim (Count XI); (12) a negligent

infliction of emotional distress claim (Count (XII); and (13) a deliberate indifference claim

(Count XIII).

ANALYSIS

I.      **ADA/Rehabilitation Act Claims – Counts IV and V**

        A.      **United States Bankruptcy Court**

        Liberally construing pro se Plaintiff's allegations in Counts IV and V of her Amended

Complaint, she alleges that the United States Bankruptcy Court failed to accommodate her

disability, namely, her hearing loss, in violation of the ADA and Rehabilitation Act during her

bankruptcy proceedings.  Title II of the ADA "decrees that 'no qualified individual with a

disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of the services, programs, or activities of a public entity, or be subjected to

discrimination by any such entity.'"  *Steimel v. Wernert*, 823 F.3d 902, 909 (7th Cir. 2016)

(quoting 42 U.S.C. § 12132).  The ADA defines "public entity" to include "any State or local

government" and "any department, agency, special purpose district, or other instrumentality of a

State or States or local government[.]"  42 U.S.C. § 12131(1); *see also United States v. Georgia*,

546 U.S. 151, 154 (2006).

        Plaintiff cannot bring her ADA failure to accommodate claim against the United States

Bankruptcy Court because it is not a "public entity" as defined by 42 U.S.C. § 12131(1).  More

specifically, it is well established that the federal government is excluded from Title II of the

ADA.  *See Dyrek v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003) ("ADA does not apply to

federal agencies"); *Henrickson v. Potter,* 327 F.3d 444, 447 (5th Cir. 2003) ("[T]he entire federal

government is excluded from the coverage of the ADA"); *Cellular Phone Taskforce v. F.C.C.*,

217 F.3d 72, 73 (2d Cir. 2000) (per curiam) ("Title II of the ADA is not applicable to the federal

government."). Likewise, courts have held that the ADA's definition of "public entity" does not

include the federal courts. *See United States v. Ponzo*, 853 F.3d 558, 578 (1st Cir. 2017); *see*

*also Roman v. Jefferson at Hollywood LP*, 495 Fed. Appx. 804, 806 (9th Cir. 2012) ("While the

Americans with Disabilities Act (ADA) requires state courts to make disability accommodations,

the ADA does not apply to federal courts."); *cf. Reed v. Illinois*, 808 F.3d 1103, 1107 (7th Cir.

2015) ("Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.,* and section

504 of the Rehabilitation Act, 29 U.S.C. § 794 … create federal remedies for disability

discrimination by state and local government agencies, such as the Illinois courts."). "Similarly,

the Rehabilitation Act does not apply to the federal courts: it only covers Executive agencies, the

United States Postal Service, and certain categories of programs and activities receiving Federal

funding." *Davis v. Am. Express Prepaid Card Mgmt. Corp.*, No. 1:16-CV-00591-MJS, 2017

WL 1398851, at *2 (E.D. Cal. Apr. 19, 2017). The Court therefore grants the United States

Bankruptcy Court's motion to dismiss Counts IV and V with prejudice.

### B.     Private Defendants

Viewing her pro se allegations liberally and in her favor, Plaintiff's ADA and

Rehabilitation Act claims against the private Defendants are without merit because they are not

public entities, as discussed in detail above. Moreover, Plaintiff cannot bring a failure to

accommodate claim under Title III of the ADA against the private Defendants. Specifically,

Title III prohibits discrimination against disabled individuals in relation to public

accommodations "by any person who owns, leases (or leases to), or operates a place of public

accommodation[.]" 42 U.S.C. § 12182(a); *see also PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676 (2001). Here, Plaintiff alleges that the private Defendants failed to accommodate her hearing loss during the bankruptcy proceedings held in the United States Bankruptcy Court. Under these circumstances, Plaintiff has pleaded herself out of court because the private Defendants do not own, lease, or operate the federal courthouse. *See O'Gorman v. City of Chicago,* 777 F.3d 885, 889 (7th Cir. 2015) ("A complainant can plead himself out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law.").

Plaintiff's Rehabilitation Act claims against the private Defendants also fail because she must allege that she was discriminated against by an entity that receives federal financial assistance, and Defendants do not fit that description. *See Novak v. Bd. of Trustees of S. Illinois Univ.*, 777 F.3d 966, 974 (7th Cir. 2015). Further, under the Rehabilitation Act, Plaintiff cannot proceed against any of the individual defendants in their personal capacities. *See Brewer v. Wisconsin Bd. of Bar Examiners*, 270 Fed. Appx. 418, 421 (7th Cir. 2008). The Court therefore grants the private Defendants' motion to dismiss Counts IV and V with prejudice.

## II.     Constitutional Claims – Counts I, II, III, and VII

Next, Plaintiff brings constitutional claims against Defendants, who are not state actors, namely, the law firms, the law firms' employees, and Comcast, as well as the United States Bankruptcy Court. To succeed on her § 1983 claims, Plaintiff must show: "(1) the deprivation of a right secured by the Constitution or federal law and (2) that defendants were acting under color of state law." *Wilson v. Warren Cnty., Illinois,* 830 F.3d 464, 468 (7th Cir. 2016). First, the Bankruptcy Court, as part of the federal government, is not a state actor. *See Mufti v. Lynch*, 190 F. Supp. 3d 827, 831 (N.D. Ind. 2016) ("Because the Plaintiff's Complaint does not pertain to state actors – only to *federal* actors – § 1983 relief is unavailable."); *Benson v. United States,*

969 F. Supp. 1129, 1135 (N.D. Ill. 1997) ("Actions of the federal government and its officials are beyond the purview of section 1983, which applies only to state actors acting under color of state law."); *Seber v. Unger*, 881 F. Supp. 323, 327 (N.D. Ill. 1995) ("actions of the Federal Government and its officers are beyond the purview" of § 1983.) (quoting *District of Columbia v. Carter,* 409 U.S. 418, 424 (1973)).[2]  Therefore, the Court grants the Bankruptcy Court's motion to dismiss in this respect.

Turning to the private Defendants, a "private person acts under color of state law when she is a 'willful participant in joint action with the State or its agents,'" which requires "'evidence of a concerted effort between a state actor and that individual.'"  *L.P. v. Marian Catholic High Sch.,* 852 F.3d 690, 696 (7th Cir. 2017) (citation omitted).  In other words, for "a private actor to act under color of state law he must have 'had a 'meeting of the minds' and thus reached an understanding' with a state actor to deny plaintiffs a constitutional right."  *Wilson,* 830 F.3d at 468 (citation omitted); *see also L.P.*, 852 F.3d 690 ("The plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is 'fairly attributable to the state.'") (citation omitted).

The problem with Plaintiff's constitutional claims against the private Defendants is that there is no state actor involved in the alleged constitutional deprivations in the first instance.  As discussed, the federal government and its officers, such as Judge Schmetterer and the United States Bankruptcy Court, are not state actors.  *See Terry v. Hodapp*, No. 10 C 165, 2011 WL 382816, at *2 (N.D. Ill. Feb. 1, 2011) ("Section 1983 claims do not apply to federal actors acting in the course of their federal employment."); *Smith v. Harvey*, No. 08 C 816, 2010 WL 1292473,

_____

[2]  Plaintiff's constitutional claims do not fall under the category of cases in which the United States has waived its sovereign immunity.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994); 28 U.S.C. § 1346(b).

at *3 (N.D. Ill. Mar. 29, 2010) ("It is well established that § 1983 only applies to actions taken under color of state law and thus cannot support a claim based on conduct by federal employees in the course of their employment."). Thus, without a state actor involved in the alleged constitutional deprivations, Plaintiff's constitutional claims necessarily fail. *See Wilson,* 830 F.3d at 468.

## III.     Fraud on the Court – Count VI

Pro se Plaintiff also alleges that Defendant attorneys and law firms are liable to her for "fraud on the court" in Count VI of her Amended Complaint. She specifically alleges that: "the method in how Defendants acted inside the courtroom, constitute criminal as well as civil violations. They did everything wrong, taking full advantage of Plaintiff as a pro se litigant, unable to effectively participate in the proceedings." (Am. Compl. ¶ 80.)

In response, Defendants assert that there is no stand-alone cause of action for "fraud on the court," but instead, "fraud on the court" refers to courts setting aside final judgments under Rule 60(d)(3). The Court agrees. *See Moore v. Burge*, 771 F.3d 444, 448 (7th Cir. 2014) ("Rule 60(d)(3) provides that every district court is entitled, independent of Rule 60(b), to 'set aside a judgment for fraud on the court' no matter when the fraud comes to light."). The time for Plaintiff to bring her Rule 60(d)(3) motion was after the Bankruptcy Court entered judgment in her adversary proceedings – not as a stand-alone claim in the present lawsuit. *See In re Golf 255, Inc.*, 652 F.3d 806, 808 (7th Cir. 2011). In fact, Plaintiff did file a Rule 60 motion on July 2, 2015 that the Bankruptcy Court denied on July 23, 2015. (15-ap-291, R. 33, 44.) The Court grants Defendants' motions to dismiss Count VI of the Amended Complaint with prejudice.

## IV.     Architectural Barriers Act – Count X

In Count X of her Amended Complaint, Plaintiff brings a claim under the Architectural Barriers Act ("ABA"), 42 U.S.C. § 4151, *et seq*. "The ABA was enacted in 1968 to assure that federal buildings would be built and altered in accordance with prescribed standards 'to insure, whenever possible, that physically handicapped persons will have ready access to, and use of, such buildings.'" *Crowder v. True*, No. 95 C 4704, 1998 WL 42318, at *2 (N.D. Ill. Jan. 29, 1998); *see also Kenny v. Runyon*, No. 94 C 3129, 1994 WL 362178, at *3 n.4 (N.D. Ill. July 11, 1994). In *Crowder*, the district court explained that there "is no private right of action by handicapped individuals complaining of a violation of the ABA; enforcement is purely administrative[.]" *Id.,* 1998 WL 42318, at *2. Indeed, it is well-settled that there is no private cause of action under the ABA. *See Logan v. Matveevskii*, 175 F. Supp. 3d 209, 232 (S.D.N.Y. 2016) ("It makes sense that the ABA would not provide a private right of action" because the Act "expressly contemplates both an investigatory mission for the ATBCB and judicial review of its orders."); *Gray v. United States*, No. 2:10-CV-467-DBH, 2011 WL 5191294, at *6 (D. Me. Oct. 31, 2011) ("The ABA, on its face, provides no direct private right of action against the United States, *see* 42 U.S.C. §§ 4151–57, instead contemplating enforcement through administrative processes of the Architectural and Transportation Barriers Compliance Board ("ATBCB"), with final decisions of that body subject to judicial review."). Because there is no private right of action under the ABA, the Court grants Defendants' motions to dismiss Count X with prejudice.

## V.     State Law Tort Claims – Counts VIII, XI, and XII

### A.     Intentional Infliction of Emotional Distress

In Count VIII of her Amended Complaint, pro se Plaintiff brings an intentional infliction of emotional distress ("IIED") claim. "To recover on a claim for IIED, Illinois law requires a

plaintiff to prove: (1) that the conduct was extreme and outrageous, (2) that the actor intended that his conduct inflict severe emotional distress or knew that there was a high probability that his conduct would inflict such distress, and, (3) that the conduct in fact caused severe emotional distress." *Bailey v. City of Chicago,* 779 F.3d 689, 696 (7th Cir. 2015). The tort of IIED does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Boston v. U.S. Steel Corp.,* 816 F.3d 455, 467 (7th Cir. 2016) (citation omitted).

Under the facts as alleged, Plaintiff has failed to allege that Defendants' conduct was extreme and outrageous under Illinois law. Examining her allegations liberally, Plaintiff states that opposing counsel in her bankruptcy proceedings improperly argued that the Bankruptcy Court should dismiss her case. (Am. Compl. ¶ 18.) She further alleges that these attorneys' arguments were not founded on law and they were deceptive and malicious. (*Id.* ¶¶ 25, 41.) Also, she contends that the attorneys' misconduct violated the Model Rules of Professional Conduct. (*Id.* ¶¶ 81-85.) This alleged misconduct is not extreme and outrageous because it does not go beyond all bounds of decency nor is it considered intolerable in a civilized community. *See Cairel v. Alderden*, 821 F.3d 823, 835 (7th Cir. 2016); *see also Duffy v. Orlan Brook Condo. Owners' Ass'n*, 981 N.E.2d 1069, 1079 (1st Dist. 2012) ("extreme and outrageous behavior requires conduct that goes beyond all possible bounds of decency, such that a reasonable person would hear the facts and be compelled to feelings of resentment and outrage"). In fact, Plaintiff's allegations fall well below this high standard. *See Lewis v. Sch. Dist. #70*, 523 F.3d 730, 747 (7th Cir. 2008). Indeed, the "infliction of such emotional distress as fright, horror, grief, shame, humiliation and worry is not sufficient to give rise to a cause of action." *Lovi v. Vill. of Arlington Heights*, 62 F. Supp. 3d 756, 769 (N.D. Ill. 2014) (citation omitted). The Court therefore grants Defendants' motion to dismiss Plaintiff's IIED claim.

**B.      Gross Negligence/Negligent Infliction of Emotional Distress**

In Count XI, Plaintiff alleges a "gross negligence" claim, which is not an independent cause of action under Illinois law.  *See Merit Ins. Co. v. Colao*, 603 F.2d 654, 659 (7th Cir. 1979) (Illinois "does not recognize gross negligence as an independent ground for recovery"); *see, e.g., Instituto Nacional de Comercializacion Agricola v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago,* 530 F.Supp. 279, 283 (N.D. Ill. 1982) (addressing gross negligence claim as negligence action because "Illinois does not recognize an action for gross negligence.").  Thus, examining her pro se allegations liberally, it appears that Plaintiff is bringing a negligence claim against Defendants.

"To establish a claim for negligence under Illinois law, a plaintiff must prove the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Buechel v. United States,* 746 F.3d 753, 763-64 (7th Cir. 2014).  "[T]he touchstone to determine the existence of a duty is 'to ask whether a plaintiff and a defendant stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff.'" *Vesely v. Armslist LLC,* 762 F.3d 661, 665 (7th Cir. 2014) (citation omitted); *see also Ballog v. City of Chicago*, 980 N.E.2d 690, 695 (1st Dist. 2012) ("A duty of care arises when the law imposes 'upon defendant an obligation of reasonable conduct for the benefit of plaintiff.'") (citation omitted).  "The existence of a duty is a matter for the court to decide." *Veseley,* 762 F.3d at 665. "Absent a legal duty of care owed to the plaintiff, the defendant cannot be found negligent." *Ballog,* 980 N.E.2d at 695.

In the context of Plaintiff's bankruptcy proceedings, Defendant law firms and attorneys had not duty of care to Plaintiff because she was not their client. *See Doyle v. Shlensky*, 120 Ill.

App. 3d 807, 811 (1st Dist. 1983) ("The traditional rule in Illinois has been that 'an attorney owes a professional duty only to his client.'") (citation omitted).  Rather, Plaintiff appeared pro se in the bankruptcy court.  Furthermore, because Plaintiff brought adversary proceedings against Comcast, it was her adversary, and thus did not owe any duty of care to Plaintiff.  Plaintiff's allegations that the law firms negligently supervised their attorneys fares no better because "there is no tort for an employer's negligent supervision of its employees under Illinois law." *Abrams v. Resolution Tr. Corp.*, No. 89 C 3020, 1992 WL 370554, at *5 (N.D. Ill. Dec. 8, 1992).  The Court therefore dismisses this claim with prejudice.

Similarly, Plaintiff brings a negligent infliction of emotional distress claim in Count XII of her Amended Complaint.  Under Illinois law, "to state a claim for negligent infliction of emotional distress, a plaintiff must allege the traditional elements of negligence: duty, breach, causation, and damages." *Schweihs v. Chase Home Fin., LLC*, 77 N.E.3d 50, 58 (Ill. 2016); *see also Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 703 (7th Cir. 2009) ("Illinois courts treat claims by direct victims of negligent infliction of emotional distress under the same approach used for standard negligence claims.").  Because Plaintiff cannot establish that Defendants owed her a duty of care, as discussed immediately above, this claim necessarily fails.  In addition, Plaintiff's allegations fail to state a claim for negligent infliction of emotional distress because she has not alleged that there was a contemporaneous physical injury or impact.  *See Schweihs,* 77 N.E.3d at 58; *see also Lewis*, 561 F.3d at 702-03.  The Court grants Defendants' motion to dismiss in this respect.

### C.    Tort Claims against United States Bankruptcy Court

Further, Plaintiff cannot bring her tort against the United States Bankruptcy Court because she has failed to exhaust her administrative remedies under the Federal Torts Claim Act

("FTCA"), 28 U.S.C. § 2675(a). *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 786 (7th Cir. 2014) ("the FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has previously submitted a claim for damages to the offending agency, because Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court."). More importantly, the federal judiciary and its employees are not "employees of the government" for purposes of the FTCA. *See Sullivan v. United States*, 21 F.3d 198, 202 (7th Cir. 1994) (collecting cases); 28 U.S.C. § 2671. As such, the Court dismisses Plaintiff's tort claims against the United States Bankruptcy Court with prejudice.

## VI.     Deliberate Indifference – Count XIII

In Count XIII, pro se Plaintiff brings a claim of deliberate indifference, which is a standard of conduct, not an independent claim. In the context of prisoner claims, for example, "[p]rison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to the serious medical needs of prisoners. *See Cesal v. Moats*, 851 F.3d at 720-21. In constitutional "failure to train" cases, the term "deliberate indifference" is used for the "purpose of identifying the threshold for holding a city responsible for the constitutional torts committed by its inadequately trained agents." *Farmer v. Brennan*, 511 U.S. 825, 841 (1994).

Courts also apply the deliberate indifference standard to ADA cases. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001); *Clemons v. Dart*, 168 F. Supp. 3d 1060, 1070 (N.D. Ill. 2016); 28 C.F.R. § 35.160. Viewing pro se Plaintiff's allegations liberally, Plaintiff's deliberate indifference allegations are another way for her to state her ADA claim, and as discussed in detail above, any such claim is without merit. The Court therefore dismisses Count XIII with prejudice.

## CONCLUSION

For these reasons, the Court grants Defendants' motions to dismiss with prejudice and dismisses this lawsuit in its entirety.

**DATED:**  August 21, 2017

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**